UNITED STATES of America

v.

**Frank D'ALFONSO et al.**

**Crim. No. 72-520.**

United States District Court, E. D. Pennsylvania.

May 9, 1973.

Robert E. J. Curran, U. S. Atty., Philadelphia, Pa., David J. McKeon, Special Atty., U. S. Department of Justice, for plaintiff.

Anthony D. Pirillo, Jr., Philadelphia, Pa., for D'Alfonso.

Donald C. Marino, Philadelphia, Pa., for Colcher.

William D. Harris, Klovsky, Kuby & Harris, Philadelphia, Pa., for Dinn.

Lenard H. Sigal, Philadelphia, Pa., for Fichera.

Francis R. Lord, Upper Darby, Pa., for Del Giorno.

Frank J. Marcone, Media, Pa., for Karian.

Joseph Santaguida, Philadelphia, Pa., for DiPietro.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This case is before the Court on motions by defendants D'Alfonso, Colcher, Di Pietro and Dinn to suppress evidence obtained pursuant to a warrant issued by this Court authorizing the interception of telephonic communications .of certain of the defendants. The movants attack, inter alia, the veracity of the statement in the affidavit upon which the warrant was issued that the infor-

mants in this case were reliable. This presents a very delicate question of procedure, for although it is true that the defendants are entitled to challenge the reliability of the informants and obtain an independent determination thereof, the safety of the informants is or may be dependent upon the strict secrecy of their identifies, and therefore the normal adversary proceedings are unavailable.

 Pursuant to the Court's announced intention on April 4, 1973, at an oral argument on the pending motions, the Court after several conferences with the United States Attorney and officials of the Federal Bureau of Investigation agreed upon a procedure for the examination of raw files of the Federal Bureau of Investigation containing the relevant information. Pursuant thereto, the Court on April 26, 1973, met in chambers with Special Agent William E. Wells who produced the pertinent files in camera. No one else was present. This examination of the files conclusively demonstrated to the complete satisfaction of the Court the accuracy of the averments in the affidavit supporting the original application for electronic surveillance concerning the most recent three prosecutions resulting from each respective informant's report. The files revealed no instances of unreliable information supplied by any of the said informants. We, therefore, conclude that the informants were reliable and that the agent affiant had a reasonable basis for believing the informants to be reliable.

It should be noted that photocopies were made of each pertinent file document and the copies placed in an envelope which was sealed and inscribed with an order of the Court directing that it be kept by the Philadelphia Office of the Federal Bureau of Investigation unopened until all proceedings and appeals have been exhausted or until further order of this Court or any Appellate Court entertaining jurisdiction.

None of the other arguments advanced by movants are of merit. Their motions will therefore be denied.

## ORDER

And now, to wit, this 9th day of May, 1973, this Court, finding that the informants who supplied the information upon which the warrant to intercept telephonic communications was based were reliable informants, that the agent who swore the affidavit upon the strength of which the said warrant was issued knew them to be reliable informants, that the information contained in the affidavit accurately reflected the information which was supplied by said informants, that the information alleged in the affidavit made out proper probable cause for the issuance of said warrant, that the proper administrative steps for the authorization of electronic interception of telephonic communication under 18 U.S.C. § 2518 were followed, that the order of authorization or approval under which the communications were intercepted was sufficient on its face, that the interception was made in conformity with the order of authorization or approval, and that the communications in this case were lawfully intercepted, the motion of defendant Frank D'Alfonso to suppress, the motion of defendant Richard Di Pietro to suppress, and the motion of defendant Herbert Dinn to suppress, are hereby denied insofar as they are based upon an attack upon the validity of the procedures followed in obtaining the warrant, the validity of the warrant itself, or the conformity of the interception with the warrant.

It is so ordered.